Scheen vs. Chaffe.

## No. 9067.

### MRS. NANCY A. SCHEEN VS. C. CHAFFE, JR., SYNDIC ET. AL.

In a suit for separation of property and dissolution of the community, brought by the wife against her husband, who has made a surrender under the State insolvent laws, and accompanied by a moneyed demand, the syndic of the insolvent was properly joined as co-defendant in the suit.

The syndic, as the representative of the insolvent's creditors in such case, could interpose any defense that the individual creditors might do by intervention in a suit of the kind where there had been no insolvency proceeding.

So, where the existence of the wife's mortgage was denied and the want of proper registry averred, the wife to have her debt placed as a mortgage debt on the bilan of the insolvent husband, must prove her debt and that the evidence of it was properly inscribed in the parish where the immovables were situated, sought to be affected by the mortgage.

Where a wife claims from her husband moneys, collected by him on promissory notes, purporting to have been given her by her father, the creditors of the husband cannot question the validity of the gift; it is enough that the husband received the moneys under color of the wife's rights and for her and her benefit.

A failure to record the wife's mortgage against her husband prior to first of January, 1870, did not destroy the mortgage, but its effect against third persons would only begin from the date of its subsequent inscription.

APPEAL from the Tenth District Court, Parish of Red River. *Logan*, J.

---

### *J. F. Pierson* for Plaintiff and Appellee.

1. A creditor of the insolvent, with the right of mortgage upon the property surrendered, not upon the schedule, may sue the syndic to be placed upon the schedule with his debt and mortgage. Revised Statutes, sec. 1811; 1 L. 172.

2. The syndic cannot plead want of registry of the mortgage in such a case, because it is only upon a tableau of distribution that the validity, rank and effect of mortgages and privileges can be finally settled, and that among the creditors themselves. 14 L. 250; 2 A. 451; 4 A. 195; 14 A. 221; 9 R. 47; 9 L. 393; 2 R. 346; 12 A. 775; 1 A. 22; 1 R. 275; 19 L. 278.

3. *Prima facie* evidence of the correctness of the debt of the creditor is sufficient to entitle the creditor to be placed upon the schedule or bilan. 9 L. 396.

4. In a suit by the wife against the husband or his syndic for the proceeds of property received by the husband, in trust for the wife, and used and disposed of by him for his benefit, neither the husband nor his creditors can be heard to invalidate the wife's title to such property. 22 A. 487; 3 A. 610; 2 L. 4; 17 A. 224.

5. Mortgage or privileged creditors have a right to require sale for cash of sufficiency of the mortgaged or privileged property to satisfy their debts. Revised Statutes, sec. 1800.

### *M. S. Jones* and *Alexander & Blanchard* for Defendant and Appellant.

1. The wife's mortgage or privilege to secure her paraphernalia has effect, under the Constitution of 1868 and Act 95 of 1869, against third persons only in the parish where it may be recorded. Act 95 of 1869, page 114, sec. 1; Constitution of 1868, art. 123

2. Donations *inter vivos* of immovables and incorporeal things must be by authentic act; and where such donations constitute the cause and consideration of an alleged indebtedness on the part of the husband to the wife, and the fact of the giving, which constituted the debt, is denied, they must be proved by authentic evidence, and parol is not admis-

sible to prove same.   C. C. 1536, 1538; 22 A. 97, 358, 398; 15 A. 585; 12 M. 649; 3 A. 610; 23 A. 242.

3.  Article 1541, Civil Code, merely dispenses with the authentic act of *acceptance*, on the part of the donee, required in the preceding article, 1540.   It does not dispense with the authentic act of *donation*, but, on the contrary, pre-supposes such an act. . C. C. 1540-41.

4.  Items of indebtedness, in excess of five hundred dollars, must be proved by one witness and corroborating circumstances.   C. C. 2277.

5.  The fruits of real estate follow the ownership.

6.  Endorsement transfers a note for value received; and, having been proved, it precludes the hypothesis of a donation *inter vivos*, which must be proved by authentic evidence.

7.  By operation of Article 123, Constitution of 1868, and Act 95 of 1869, a tacit mortgage, in existence prior to January, 1870, and not recorded by that date, is absolutely destroyed as to third persons and can never be revived.   22 A. 278; 24 A. 25; 26 A. 534-584; 32 A. 186.

*Bayne & Denégre* on the same side.

----

The opinion.of the Court was delivered by

Todd, J.   The plaintiff sues her husband, J. H. Scheen, for a separation of property, and the husband, before the institution of the suit having made a surrender of his property under the insolvent laws of the State, she joins his syndic as co-defendant in the action and asks judgment against him for a large amount on account of her paraphernal funds, alleged to have been used by her husband, and also, for a recognition of her legal mortgage and to have her claim thus established, placed upon the schedule of his debts.

From a judgment in accordance with the prayer of her petition and recognizing the plaintiff as a mortgage creditor of her husband's insolvent estate, for $29,321 83, the syndic has appealed.

In the court below, the husband made default, but the syndic put at issue the debt and mortgage claimed and specially averred, (quoting) " that if plaintiff ever had a legal mortgage the same had no existence or effect for want of a due and seasonable registry."

There is no controversy in this Court, over the judgment, so far as it decrees a separation of property and a dissolution of the community between the spouses.

The moneyed demands of plaintiff, against her husband, are set forth in the petition as resulting from his receiving and spending the proceeds of several lots of cotton, given her by her father, and collecting the price of several tracts of land sold by her father to divers persons, and which prices—in the cash and rates representing the same—had also been donated to plaintiff by her father.

The several items making up this account are supported by plaintiff's own testimony, that of her father and mother, and, in some instances,

corroborated by the parties purchasing the lands mentioned, and, to some extent, by other witnesses.

The greater part of the indebtedness claimed grows out of the husband collecting and using the moneys realized on the promissory notes taken in the sales of the lands, and alleged, as stated, to have been donated to the plaintiff.

This portion of plaintiff's demand is strenuously resisted by the syndic, on the ground that the donation of the promissory notes—being alleged incorporeal rights—was invalid, because not made in writing, nor in the manner prescribed by law, and that plaintiff's title to them was, therefore, incomplete, and the funds realized from their collection did not, in consequence, belong to her and gave rise to no valid claim, on her part, against her husband.

We cannot accede to this proposition. The validity of these donations is not questioned by the donor, nor his heirs, nor his creditors, and we cannot perceive any right in the creditors of Scheen to raise such objection. It does not concern them how, or in what manner the donations from the father to his daughter were made, and whether they were perfect or not. It is sufficient that the husband received or collected the funds in question, as the agent of his wife, and under color of a right claimed by her and recognized by him. If he were the sole and real defendant in this suit he could not escape liability to his wife by denying or questioning her right to the funds collected by him for her. They did not belong to him in any event and he would not be heard disputing her claim to them. The syndic, as the representative of the husband, and even as the representative of his creditors, can have, under these conditions, no greater right than the husband, himself, would have.

This view of the matter is in exact accord with previous adjudications of this Court on this point. 22 A. 487; 3 A. 610; 2 A. 4; 17 A. 224.

Nor is the resulting liability of the husband to the wife, affected by the fact, dwelt on by the counsel for the syndic, that in one instance the husband sued on some of the notes received for his wife and obtained judgment thereon in his own name and took the lands mortgaged to secure them in settlement of the debt, with the title in his own name, and subsequently, sold the lands and used the money received therefor. These changes in the form or character of the debts and mode of settlement, did not impair the obligation of the husband to account to the wife for the full value of the notes and securities thus used by him.

Scheen vs. Chaffe.

The most serious contest is in regard to the legal mortgage claimed. Its existence is first denied for the reason that the evidence of the mortgage was not inscribed prior to the first of January, 1870—it being contended that by this omission the mortgage was absolutely lost and could never be subsequently revived or reasserted. Such is not our conclusion. The omission to register at that time only deprived the mortgage of force with respect to third persons, who, at that date, had privileges or mortgages upon the property of the husband theretofore affected by the superior claims of the wife. So far as relates to the husband and his property, the mortgage in favor of the wife, if there existed one, continued to exist without registry, and, if recorded subsequently, took effect as to third persons, from the date of its registry.

The evidence of plaintiff's legal mortgage against her husband was recorded in the parish of Red River, on the 30th of April, 1879, and its effect upon the immovables in that parish surrendered by the insolvent, was properly recognized by the judgemnt.

The mortgage was never inscribed in the parish of Bienville, where a part of the immovables of Scheen, the insolvent, and embraced in his surrender, are situated; at least there is no evidence of such registry in the record.

Without such evidence, we think the lower court was in error in recognizing and decreeing the existence of the mortgage in that parish.

The issue as to the existence and proper registry of the wife's mortgage was, in our opinion, expressly and clearly raised, as is manifest from the extracts made from the answer of the syndic appearing above. That the syndic had a right to raise such an issue, admits of no doubt in his capacity as the representative both of the husband and of his creditors, and we cannot see the force of the contention of the plaintiff's counsel, that the mortgage over the entire property should be recognized in this suit and the question as to its effect and rank be determined hereafter by the creditors of the insolvent, *inter sese* in the proceedings relating to the final settlement and distribution of the insolvent's estate. In connection with this proposition the counsel suggests that a *prima facie* showing as to the mortgage should suffice to justify its recognition in this suit; but, so far as relates to his immovables in the parish of Bienville, there is not only the absence of a *prima facie* showing as to the registry of the mortgage but a want of all evidence touching its existence. As to the creditors represented by the syndic, it must be borne in mind that the *record* is the mortgage and where there is no record—as concerns them—there is no mortgage.

We fail to see anything in the authorities referred to by the counsel, that lead us to a different conclusion. The only bearing they would seem to have on the question is to suggest a doubt whether in an action directed against the syndic alone, whether any judgment recognizing a mortgage in favor of one creditor could be rendered, at least, one that would bind the other creditors of the insolvent.

We think it was incumbent on the plaintiff to make the same proof of the existence and registry of her mortgage against the syndic in the present suit, as she would have been compelled to do in such an action where there was no insolvency against intervening creditors who put at issue her claims as asserted in this suit.

The judgment in this case, therefore, so far as it decrees a mortgage on the immovables in Bienville must be corrected, but, inasmuch as the counsel for plaintiff asserts, without contradiction, that the mortgage was recorded in the parish of Bienville, and the evidence of the fact was omitted because, in his opinion, it was not called for by the pleadings, and the omission has been pressed for the first time before this Court; while we cannot remand the case on this account we will leave the way open for the proof, if it exists, to be made hereafter.

The amendment asked for by the plaintiff, ordering a sale of the property subject to the mortgage, after full consideration, we must decline to allow.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed in every respect, save wherein it recognizes a legal mortgage, in favor of plaintiff, on the immovables of J. H. Scheen, her husband, and embraced in his surrender, lying in the parish of Bienville, and in said respect, it is now ordered, adjudged and decreed that the judgment be reversed and the claim to a mortgage upon said immovables in said parish of Bienville be dismissed as of non-suit, defendants to pay the costs of the lower court and plaintiff the costs of appeal.